AO 241    (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District Southern Dist. San Diego, CA. |
|---|---|

| Name Hutton F. Miller | Prisoner No. P59402 | Case No. SCE 19(?) FILED |
|---|---|---|

Place of Confinement
P.O. Box 3471
3C05-115 Corcoran, CA. 93212

FILED

JUN 20 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ WARDEN ☒ DEPUTY

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody...) |
|---|---|
| Hutton F. Miller | V. Derral G. Adams |

The Attorney General of the State of:

'08 CV 1093 BEN POR

## PETITION

1.  Name and location of court which entered the judgment of conviction under attack **El-Cajon Superior Court RM. 16 250 East Main Street. El Cajon, CA. 92020**

2.  Date of judgment of conviction **Oct. 26th, 1999**

3.  Length of sentence **25-Years to Life — (3x)**

4.  Nature of offense involved (all counts) **Possession of firearm/Ex-Felon (6) P.C. 12021 a (1)**

_____

_____

| 2254 ✓  1983 |
|---|
| **FILING FEE PAID** |
| Yes ___ No ✓ |
| **IFP MOTION FILED** |
| Yes ___ No ✓ |
| **COPIES SENT TO** |
| Court ✓ ProSe ___ |

5.  What was your plea?  (Check one)
    (a) Not guilty ☐
    (b) Guilty ☒
    (c) Nolo contendere ☐
    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

    _____

    _____

6.  If you pleaded not guilty, what kind of trial did you have?  (Check one)
    (a) Jury ☐
    (b) Judge only ☐

7.  Did you testify at the trial?
    Yes ☐    No ☐

8.  Did you appeal from the judgment of conviction?
    Yes ☐    No ☒

AO 241    (Rev. 5/85)

☒   If you did appeal, answer the following:

   (a)  Name of court _____

   (b)  Result _____

   (c)  Date of result and citation, if known _____

   (d)  Grounds raised _____

   _____

   (e)  If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1)  Name of court _____

      (2)  Result _____

      _____

      (3)  Date of result and citation, if known _____

      (4)  Grounds raised _____

      _____

   (f)  If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1)  Name of court _____

      (2)  Result _____

      _____

      (3)  Date of result and citation, if known _____

      (4)  Grounds raised _____

      _____

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
   Yes  ☒    No  ☐

11.  If your answer to 10 was "yes," give the following information:

   (a)  (1)  Name of court  Supreme Court of California - Los Angeles

      (2)  Nature of proceeding  Petition for Writ of Habeas Corpus
      # S148727

      (3)  Grounds raised  Ineffective Assistance of Counsel; Claim #2
   UNDER (Apprendi v. New Jersey) 2000 530 U.S. 466 14th Amendment
   U.S.C.A.

(3)

AO 241    (Rev. 5/85)

GRound. 3. Prior Pleas, Colateral review : Ground 4, 5, 6 Prior Convictions violated 14th U.S.C.A , 1990 #CR110166 Hearsay Evidence used before the adoption of Prop 115 / GRound 7. Disproportion Sentence.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐    No ☒

(5) Result ___Petition for writ of Habeas Corpus denied (COPY-ATTACHED)

(6) Date of result ___"Filed" → June 13, 2007 / June 20, 2007 / Petitioner Received Aug 3rd 2007

(b) As to any second petition, application or motion give the same information:

(1) Name of court ___NONe

(2) Name of proceeding ___

___

(3) Grounds raised ___

___

___

___

___

___

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐    No ☒

(5) Result ___

(6) Date of result ___

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☒    No ☐
    (2) Second petition, etc.    Yes ☐    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

___

___

___

12.    State *concisely* every ground on which you claim that you are being held unlawfully.  Summarize *briefly* the *facts* supporting each ground.  If necessary, you may attach pages stating additional grounds and *facts* supporting same.
        CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241   (Rev. 5/85)

C. Ground ~~three~~: ALL GROUNDS are addressed on Seperate petition following this form. "NEED more space",

Supporting FACTS (state *briefly* without citing cases or law): Supporting facts also.

_____

_____

_____

_____

_____

D. Ground ~~four~~: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing   George Ospre / EL CAJON Alternate Public defender 1999

(b) At arraignment and plea   #4 Russel Robinson   #5 James Pokorney

_____

AO 241    (Rev. 5/85)

(c) At trial _____

_____

(d) At sentencing _James Pokorney_____

_____

(e) On appeal _____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ☒    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐    No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    _____

    (b) Give date and length of the above sentence: _SENTENCED ON 26th of October 1999_
    _Court Rm. 16  EL-CAJON  CA._____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☒    No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____N/A_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_June 15th 2008_
Date

_____
Signature of Petitioner

Hutton Frank Miller
P-59402   3C05-115
Corcoran, CA. 93212
In Pro Per.

# United States District Court
## Southern District
8830   Front Street, Room 4290
San Diego, CA. 92101

Hutton Miller    In re )
Petitioner            )
                      )
                      )
vs.                   )
                      )
Derral G. Adams       )
    WARDEN            )
                      )

Case # SCE 195569
Writ of Habeas Corpus
Petition Under 28 U.S.C. § 2254

---

Petitioner's contention for writ of Habeas Corpus is that [HE] was deprived of his constitutional right to the effective assistance of counsel when his counsel failed to act as an advocate at the time of plea agreement and sentencing hearing... also counsel failed to state to defendant EXPLICITLY all the terms, and that the benifits of penal code 1538.5 would be forfeited as a result of this plea bargain.

Petitioner states claim (1a.1b) criminal law § 105 - rights of the accused competence of defense counsel - at time of sentencing - arguing case against defendant; - criminal law § 159 - construction of plea bargain.

Attorney (JAMES F. POKORNEY) failed to adequatly prepare for trial on October 26, 1999 court room 16 case # SCE 195569 - in addition to this case counsel failed to fully research trans-cripts to 1986 prior convictions, and motion the court on - insufficient evidence - on the prior conviction "assault with-deadly weapon offence" case # CR 110166 1990.

Petitioner states claim under ( STRICKLAND V. WASHINGTON (1984) 104 - S.Ct. 2050   466. U.S. 688; Ineffective assistance of counsel...

a. Supporting facts:    GROUND 1:    INNEFFECTIVE ASSISTANCE of COUNSEL.

Counsel failed to have the motion to suppress search WARRANT 'GRANTED'. The motion to quash S/WARRANT DID NOT LAY OUT THE CIRCUMSTANCES 'or' DETAILS in OMISSIONS and STALE INFORMATION EFFECTIVELY.

IN (OMISSION'S) COUNSEL WAS INFORMED OF BEHAVIOR CONTEMPLATED BY THE PLAINTIFF (DESIREE SWINEHART), BEFORE AND AFTER ALLEGATION'S USED IN THIS CASE THAT SUPPORTED THE SENTENCE.

Detail's OF HAUTEUR and CONCUPISCENT BEHAVIOR CONTEMPLATED BY (DESIREE' SWINEHART) Towards Petitioner BEFORE AND AFTER THE DATE THE COMPLAINT ALLEGEDLY TOOK PLACE. (i.e.) Petitioner and (Desiree S.) CONTINUED INTIMATE Relations after the Allegation's 'CONTEMNED' BY THE FAMILY OF DESIREE SWINEHART TOOK PLACE ON DEC. 11, 1996...   Franks v. Delaware  (1978) 98 S.Ct. 2674, 57 L.Ed2d 667)

A T.R.O. FILED IN DECEMBER (1996) BY 'DESIREE', WAS REPUDIATED BY SWINEHART AT THE COURTHOUSE IN EL-CAJON, THIS WAS ENDED UNDER DESIREE'S OWN AUTHORITY... THE SECOND TIME DESIREE S. FILED A T.R.O. FOR THE SAME ACCUSATIONS ON FEB. 18, 1997 - Petitioner FILED WITH THE COURT OF EL-CAJON A FOUR PAGE out-LINE WITH CORRESPONDING DATES AND PLACES IN RESPONCE TO THESE ALLEGATIONS... (see ExHiBiT)

Petitioner never assaulted DESIREE SWINEHART IN ANY WAY. Outcome of To RESTRAINING ORDER filed BY SWINEHART FEB 18, 1997; RESTRAINING ORDER WAS 'NOT' GRANTED IN FAVOR OF D. SWINEHART - THE SAME ACCUSATIONS ARE BEING USED AGAINST PETITIONER 'NOW'... FURTHERMORE (i.e.) Hutton Miller renouced AND SEVERED THE RELATIONS AT THE FILING OF THE SECOND T.R.O. These facts would DISCREDIT AND IMPEACH THE 'INFORMANT', - Deseree Swinehart.

-STALE INFORMATION- DEPUTY DETECTIVE GEORGE WARD & D.D.A. SOPHIA-ROACH INTERVIEWED D. SWINEHART 5 MONTHS PRIOR TO THE EXECUSION OF SEARCH WARRANT ON 3-10-99 GIVING TESTIMONY OF THE ALLEGATIONS LEADING TO OBTAIN THIS WARRANT. THE TESTIMONY GIVEN BY SWINEHART OF THE ALLEGATIONS WERE 2 YEARS 3 MONTHS OLD AND ON THOSE DATES IN WHICH ⟦She⟧ COMPLAINED ABOUT She NEVER CONTACTED The POLICE 'OR' ANY LAW-ENFORCEMENT TO - REPORT THEM. NOT ONLY ARE THESE ACCUSATIONS OVER TWO YEARS OLD, AT THAT TIME THEY NEVER PHOTOGRAPHED ANY INCIDENT, NOR FINGERPRINTED. AND 'NO-ONE' TESTIFIED TO HAVE SEEN ANYTHING!

INFORMATION USED BY DET. G. WARD to OBTAIN S/WARRANT ARE ALL CONCLUSIONS OF FACTS...

DETECTIVE  GEORGE WARD  OF SANTEE CA. SHERRIFFS STATES AS FACT AS  AFFIANT, WITHOUT  MERELY  ALLEGING, THAT DEFENDANT STOLE  BIRTH-DAY CARD  OUT  OF DESIREE'S HOUSE [Pg. 7] that DEFENDANT ILLEGALLY IN-TERCEPTED PHONE CALLS [Pg. 8]. ALSO  that DEFENDANT ASSAULTED DESIREE AND  HARASSED  HER. [Pg. 8].

The  REMAINING  ALLEGATIONS  COUNTS  6-10  FILED  IN '98' ON CASE #NO. SCE 195569  ARE  FROM  CO-CONSPIRATORS 'ALL FRIENDS' ALL LIVING NEXT TO THE  SWINEHARTS  ON  THREE OAKS  WAY IN SANTEE. IN ADDITION DESIREE  SWINEHART & BROTHER  TROY WALSBERG HARRASSED THEIR  NEXT-DOOR  NIEGHBOR  FROM  FEB 1997 through  1998.

Petitioner  is  INNOCENT OF ALL  CHARGES DISMISSED IN PLEA- BARGAIN  UNDER CASE  SCE 195569... PLED TO UNDER DURESS DUE-to THREATS  OF  MULTIPLE LIFE SENTENCES AND TO THE FACT MY COUNSEL INADEQUATLY PREPARED  FOR  TRIAL  ON  OCT. 26, 1999.

2. COUNSEL FAILED TO DISCLOSE TO DEFENDANT OVER AN APPEAL UNDER PENAL-CODE 1538.5  AND THE SPECIFIC'S OF THAT MOTION UNER APPEAL AND HOW  IT WOULD  BENIFIT DEFENDANT  IN A "FULL REVIEW THROUGH THE COURT OF APPEALS". also that [HE] WOULD  BE GIVING UP THOSE RIGHTS.

3. COUNSEL FAILED TO IMPEACH THE CREDIBILITY OF WITNESS FOR PROSECU-TION (DESIREE SWINEHART) FOR FALSE  STATEMENTS MADE TO OBTAIN S/WARRANT. Petitioner NEVER  UNLAWFULLY ENTERED THE HOME OF SWINEHART. Petitioner WAS  NEVER  CHARGED 'or' CONVICTED — NO EVIDENCE TO SUPPORT, AND NOT ONE  WITNESS TO TESTIFY SEEING ANYTHING...

4. FAILED to file a (PITCHESS MOTION) on then Deputy 'KNOBBE' of Santee, HE WAS  NOT  QUALIFIED AT THAT TIME TO CONDUCT AN INVESTIGATION INTO THE  ALLEGATIONS  FROM  CASE NO. 980401270-s! MAY 31st, 1998. AND GIVE TESTIMONY TO OBTAIN  SEARCH WARRANT ON — 3-10-99.

5. FAILED  P.C. 995  MOTION FILED ON SEP. 15, 1999  to dismiss counts 1 & 3
6. COUSEL  FAILED  DEFENDANT'S  RESPONCE to "Peoples first MOTION in-LIMINE". FILED  OCT. 26, 1999.

SUPPORTING FACTS:                                                    GROUND 1.

7. DEFENSE COUNSEL FAILED to ARGUE AT SENTENCING THE AGE OF THE PRIOR'S AND THAT [HE] HAD A 'CLEAN' PERIOD OF TIME FOR NEARLY TEN YEARS. WAS A TAX PAYING CITIZEN WITH NO ARREST UNTILL 3-10-99.
(IN-re Saldana (AUG 1997) D.A.R. 11554    - (PEOPLE v. WILLIAMS (1998) 17 Cal. 4th 148.

8. Counsel failed to object or file a Motion to Stop Prosecution FROM Calling LIVE WITNESSES TO THE CRIMINAL OFFENSES OF PRIORS- cases.
( PEOPLE V. GUERRERO (1988) 44 CAL. 3d at P. 355 - (PEOPle V. REED (1996) 13 Cal. 4th-P. 226

9. ON OCTOBER 26, 1999 BEFORE J. W. BRAINARD Court RM. 16 DEFENSE COUNSEL WHEN TO TRIAL WITHOUT CHECKING COURT FILES ON THE PRIORS, AND AS A RESULT DID-NOT BECOME AWARE OF FACTS RELATING TO THE PRIORS WHICH WOULD HAVE BEEN "MITIGATING"... Petitioner's 1986' transcript Case # 78156 does not REFLECT THE NECESSARY EXPLANATION OF THE TERMS IN WHICH DEFENDANT PLED TO OVER ALLEGATIONS OF 'GREAT-BODILY INJURY'- P.C. 12022.7 'or' PERSONAL USE- FIREARM P.C. 12022.5.
    AS A RESULT THE NECESSARY EXPLANATION OF THE CONSEQUENCES OF THE CONVICTIONS WERE NOT KNOWINGLY 'or' INTELLEGENT...
    ( Stating Claim on - Rompilla V. BEARD (2005) 125 S. ct. 2456 ..))

10. Petitioner CONTENDS DEFENSE COUNSEL NEVER MOTIONED TO HAVE TRIAL-COURT 'STRIKE' ANY OF HIS PRIOR CONVICTIONS. (e.g.) 1990 CONVICTION P.C. 245-(a) (1) Case CR110166 WHICH HAS NO SERIOUS INJURY TO VICTIM, 'or' HOSPITAL REPORTS TO SUPPORT CLAIM. DISCREPANCIES ON WEAPON USED. THE OFFICER AT SCENE TO DEFENDANT'S HOME PICKED OUT A WRENCH FROM TOOL BOX., JOHN PICKENS STATED A METAL BAR WAS THE INSTRUMENT NOT A WRENCH.
    (People V. ROMERO - SUPERIOR COURT (1996) 13 Cal. 4th 497.- (People V. DAVIS (1996) 42 Cal.App. 4th 806.)    Counsel FAILED TO FILE MOTION UNDER "THE ROMERO" TO HAVE TRIAL COURT 'STRIKE' A PRIOR IN THE FURTHERANCE OF JUSTICE..

(a) SUPPORTING FACTS — CONTINUED

Case 3:08-cv-01093-BEN-POR    Document 1    Filed 06/20/2008    Page 10 of 27    GROUND 1.

_11_. 1999. Petitioner contends Counsel failed to reveal to [HIM] over 'LESSER INCLUDED OFFENSES' as possible counts to the charges FILED — CASE SCE 195569 1-10 THROUGH TRIAL... THESE CHARGES BROUGHT WERE 'STACKED' AND PORTRAYED AS SERIOUS FELONIES, WHEN THE ACTUALL REALITY OF THE ALLEGATIONS WERE MISDEMEANOR accounts.

_12_. Prosecution and Defense Counsel told the Defendant — Dismissed Counts 1-10 under case SCE 195569 WOULD NOT FOLLOW HIM to PriSon — NOT TRUE — "ALL CHARGES DROPPED IN THIS PLEA BARGAIN ARE BEING USED AGAINST Petitioner AT BOARD OF PRISON TERMS HEARINGS AS IF CONVICTED..."

Petitioner is therfore Filing FOR WRIT OF Habeas Corpus ADDITIONALLY TO THE FACT [HE] NEVER Defended HIMSELF AGAINST THESE ACCUSATIONS AND is LABELED AND HELD ACCOUNTABLE, VIOLATING HIS SIXTH AMENDMENT RIGHT!

At the Sentencing Stage, **THE TIME AT WHICH FOR Petitioner**, the most IMPORTANT SERVICE OF THE 'ENTIRE' PROCEEDINGS COULD BE PERFORMED, Petitioner WAS DENIED THIS SERVICE THROUGH COUNSEL. THE PLEA BARGAIN WAS MISLEADING AND TOO COMPLEXE FOR THE DEFENDANT AT THAT TIME, D.C. JAMES POKORNY's FAILURE to ADEQUATLY PREPARE FOR TRIAL AND DISCUSS ALL LEGAL ALTERNATIVES, DEFENSE STRATAGIES, LED THE DEFENDANT THROUGH FEAR AND INADVERTENCE, MADE HIS PLEA BY IGNORANCE.

Petitioner Had (NO) CONFIDENCE IN JAMES POKORNY — AT THE TIME OF TRIAL AND PLEA AGREEMENT IN 1999 AND 'DID-NOT' BENIFIT FROM THIS PLEA BARGAIN [HE] is LEFT WITH A LIFE SENTENCE THAT WAS BASED ON LIES AND FALSE STATEMENTS BY AN ESTRANGED EX-GIRLFRIEND WHO HAD A VENDETTA AGAINST HIM. PAROLE WILL NEVER BE GRANTED AS A RESULT OF CHARGES 1-10 WHICH Petitioner NEVER DEFENDED HIMSELF AGAINST IN COURT.

'FINALLY' DEFENSE COUNSEL FAILED TO ADEQUATLY PREPARE A MOTION — SUPPRESSING the SEARCH WARRANT UNDER P.C. 1538.5 AND **UPHOLD** THE RIGHT FOR AN APPEAL AFTER PLEA CONVICTION — OCT. 26, 1999. Counsel should have interviewed THE CLIENT, OBTAINED DISCOVERY, AND INVESTIGATED THE CASE... 'SUFFICIENTLY'!    *(People v. POPE (1979) 23 C.3d. 412, 424.)*

GROUND 1.

INEFFECTIVE ASSISTANCE OF COUNSEL FACTS
RELATING TO TRIAL ON OCTOBER 26, 1999 COURT ROOM 16.
CASE # SCE 195569 DEFENSE ATTORNEY JAMES F. POKORNY.
SIXTH AMENDMENT RIGHT VIOLATED U.S.C.A.

1. Petitioner Had MERITORIOUS EVIDENCE THAT COUNSEL FAILED TO HAVE PRESENT AT HEARING FOR THE DEFENSE, OCT. 26, 1999. THE OWNER OF THE FIREARM a RUGER 357, SAMUEL DEATON AGE 55 IN 1999, MARRIED, OWNED HOUSE ON 10068 LAKE CANYON COURT. SANTEE CA. 92071.

   Mr. DEATON LOANED THE FIREARM TO DEFENDANT IN FEB., 1999, AND WOULD GIVE TESTIMONY OF ACCOUNT'S OF THREATS MADE ON Petitioner's LIFE. = (FAILURE TO HAVE PRESENT.)

2. FAILED TO HAVE A TAPED CONVERSATION OF VIOLENT THREATS MADE BY STEVE JOHNSON TOWARDS PETITIONER, ADMISSIBLE FOR THE JURY TO HEAR IN CASE SCE 195569, TRIAL COURT.

3. FAILED TO FULLY INTERVIEW WITNESSES BEFORE TRIAL.

4. FAILED TO ARGUE VIOLENT THREATS MADE BY (ROBERT STEVE JOHNSON) COUSIN OF STEVE JOHNSON & WAS ON PAROLE FOR CASE # SC NO. ECR-10126 COUNTY OF SAN DIEGO FOR P.C. 243 (d) AND G.B.I. ALSO AS OF 2005 THIS INDIVIDUAL IS SERVING A LIFE SENTENCE.

5. FAILED DEFENSE BY INEFFECTIVELY ARGUE ON SELF-DEFENSE JURY INSTRUCTION CAJIC NO. 5.17., RECORDING OF TAPED CONVERSATION TO THE DEFENDANT. TRIAL COURT REJECTED COUSELS NECESSITY DEFENSE.

6. COUNSEL FAILED TO OBJECT PRIOR CR110166, 1990 ON GROUNDS OF HEARSAY AND LACK OF FOUNDATION. ALSO "PRESENT ABILITY" ON PRIOR CR 78156.

(b) Supporting cases:

(People v. WILLIAMS (1998) 17 Cal. 4th 148. - (People v. POPE (1979) 23 C.3d. 424.
(BRADY v. U.S. (1970) 90 S.ct. 1463.) - (SANTO BELLO V. NEW YORK (1971) 92 S.ct. 495
(DUNCAN v. HENRY (1995) 115 S.ct. 887.) - (U.S. v. PINKNEY (1976) 551 F.2d. 1241
(Carter v. ILLINOIS (1946) 329 U.S. 173) - (U.S. v. BUSCH (584 F.2d. 1113 (1st 1978)
(FERNANDO BELMONTES V. JILL BROWN (2005) DAR 8512 - (BELMONTES v. WOODFORD. 350 F.3d. 861
(CF. In re LYNCH (1972) 8 Cal. 3d. 410.) - (IN re JOHNSON/1965) 62 C 2d. 325.
(People v. GARCIA (1979) 98 CA. 3d. Supp 14.) - (People v. ALVAREZ (1982) 179 Cal. Rptr. 706
(People v. CROPPER (1979) 89 Cal. APP.3d. 716. - (IN re PEREZ (1966) 65 Cal. 2d. 224.
(Teague v. LANE (1989) 489 U.S. 288-,)

## GROUND 2.

Petitioner contends [HE] has the right to have a jury decide whether his prior convictions are serious felonies for purposes of the three strike law under (Apprendi v. New Jersey (2000), 530 U.S. 466 - 14th Amendment claim), and that his counsel failed to motion the court under this right and to inform his client. U.S.C.A. Sixth Amendment Right violated., 28 U.S.C. 2254(I).

### a. Supporting facts:

Petitioner's admission to the prior convictions were made under fear ignorance and inadvertence by misrepresentation of counsel James Pokorny 10-26-1999. Petitioner contends he would have elected the right to a juries decision whether his prior convictions are serious felonies to support an INDETERMINATE LIFE SENTENCE.

Petitioner contends that the evidence presented by trial court- 10-26-99 on case SCE 195569 on his priors was insufficient to prove that he inflicted - great bodily injury and used a deadly weapon during the commission of the prior "assault with a deadly weapon offense"... without such proof, hospital reports, 'or' testimony of the victim on reporters transcripts the trial court errored and illegally sentenced, when it determined that the prior assault w/deadly offense constituted a serious felony under the 'three strike - law', prior case # CR110166.

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.."

Counsel failed to advise his client about sufficency of the evidence to prove that defendant used a firearm and pointed the firearm at victim in case # CR78156 transcripts in this case do not support this conviction. [Pg. 60.] R.T. (1986)

### b. Supporting cases, rules, or other authority:

(People v. Rodriguez (1998) 17 Cal. 4th 223 -(People v. Patrick Ramirez, (2001) B 124850.
(Blakeley v. Wash., (2004) 124 S. Ct. 2531)- (United States v. Booker (2005)-
125 S.Ct. 738, - (Cunningham v. California (2006) case # 05- 6551 FEB 22. 2006).
(Delgado v. Lewis (9th Cir 2000) 23 F.3d 976.)
(Strickland v. Washington. (1984), 104 S. Ct. 2050.)

28 U.S.C. 2254 (d)-E.2

GROUND 3.

PRIOR PLEA COLLOQUY DOES NOT STATE A FACTUAL BASIS THAT INCORPORATES TO THE DEFENDANT AN AGREEMENT OF 'GREAT BODILY-INJURY - PEN. CODE 12022.7, AND 'PERSONAL USE ENHANCEMENT; PEN. CODE 12022.5' ON FEBRUARY 26, 1986 CASE # CR 78156..

PLEA BARGAIN NOT KNOWINGLY 'or' INTELLEGENT, PLEA WAS ENTERED BY COERCION, INTIMIDATION, AND DECEPTION BY COUSELOR'S, PROSECUTION OFFICIALS IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT... (1a. 1b.) CRIMINAL LAW §105 - RIGHTS OF THE ACCUSED - COMPETENCE OF DEFENSE COUNSEL - AT TIME OF PLEA BARGAIN D. COUNSEL FAILED TO INTERPRET THE SPECIFIC TERMS AND THE CONSEQUENCES OF THE CONVICTION TO THE DEFENDANT CASE # CR 78156..

CRIMINAL LAW §201 - PLEA HOW PUT IN - THE BASIS WAS NOT INCOR-PORATED INTO THE RECORD 'OR' DISCLOSED TO DEFENDANT AS PART OF THE PLEA BARGAIN. VIOLATION OF SIXTH AMENDMENT U.S.C.A.

PRIORS DO NOT CONSTITUTE - SERIOUS FELONY CONVICTION FOR THREE STRIKE PURPOSES. "STATES CLAIM UNDER - ( ROMPILLA V. BEARD (2005) 125 S. Ct., 2456.) - (BRADY V. UNITED STATES (1970) 397 U.S. 742..90 S. Ct. 1463,.) (IOWA V. TOVAR (2004) 124 S. ct. 1379,) - (People V. CROPPER (1979) 89 Cal. App 3d. 717.

a. SUPPORTING FACTS:

1. REPORTERS TRANSCRIPTS (CHANGE OF PLEA) ON FEB. 26, 1986 ∏P9.4∏ TRIAL COURT QUESTIONED COUNSEL FOR THE DEFENDANT "Mr. BALL" IF HIS CLIENT UNDERSTANDS ALL THE RAMIFICATIONS OF THE PLEA! Mr. BALL REPLIED : "I think HE UNDERSTANDS, SIR?"...

THE ONLY KNOWLEDGE DEFENDANT HAD THAT DAY WAS HE WOULD BE PLEADING TO TWO COUNTS - NOTHING ABOUT ALLEGATIONS AND THE CONSEQUENCES OF PEN. CODES (12022.7) & (12022.5...)

DURING THE PERIOD OF THIS PRIOR PLEA THE EMOTIONAL AND PSYCHOLOGICAL LEVEL SUSTAINED BY THE DEFENDANT RENDERED ∏HIM∏ IMPARED.

2. POSSIBLE CIRCUMSTANCES IN MITIGATIONS : RULE 423 (b).(2): STATES THAT DEFENDANT ~~WAW~~ WAS EMOTIONALLY DISTRAUGHT BEFORE BOTH INCIDENCES ON HIS FORMER GIRLFRIEND. DEFENDANT HAD BEEN UNDER TESTING BY PSYCHOLOGIST DURING THIS PERIOD. ALSO DEFENDANT HAD BEEN ABUSING ALCOHOL AND CRYSTAL METHANSPHETAMIN AT THIS TIME OF HIS LIFE.

3. "MITIGATING RULE" 423 (b)(1): DEFENDANT HAD NO PRIOR RECORD OF CRIMINAL CONDUCT. (defendant was young and not knowledged with the Complexities of LAw.)

4. Petitioner PLEAD GUILTY to PEN. CODE SECTION 245(a)(1) Count 1 AND PEN. CODE 245 (a)(2) to Count 4 of the Complaint only, "ON FEB. 26 1986 CASE # 78156.."

GROUND 3.  SUPPORTING FACTS : (CONTINUED FROM Pg. 8.)

5. TRIAL COURT AND DEFENSE COUNSEL FAILED TO DISCLOSE TO THE DEFENDANT AT TIME OF (change of plea) EXPLICITLY ALL THE TERMS AND EXACTLY INTERPERT THE AGREEMENT GENERALLY WITHIN THE CONTRACT PRINCIPLES. CRIMINAL LAW & 201 — THE BASIS OF THE BARGAIN SHOULD HAVE BEEN DISCLOSED TO THE COURT AND INCORPORATED IN THE RECORD.

6. THE NATURE OF THE PLEA BARGAIN SHOULD BE STATED BY DEFENCE COUSEL AND PROSECUTOR AT TIME OF GUILTY PLEA IN RELATIONSHIP TO THE IDENTITY OF THE OFFENSE PETITIONER IS BEING ACCOUNTED — FOR IN CASE'S CR 78156 — (CR 110166 — 1990, FEB. 6th.)

7. THE TRIAL COURT FAILED TO STATE A FACTUAL BASIS FOR THE PLEA, AND HAVE COUNSEL FOR THE DEFENDANT STIPULATE TO THE COURT — RECEIVING A FACTUAL BASIS, AND THAT HE WAS PLEADING TO A SPECIFIC ENHANCEMENT.

8. 'NO WHERE' DOES IT STATE IN R/T CASE # 78156 'DEFENDANT CAUSED (GREAT BODILY INJURY), 'OR' USED A FIREARM IN THE COMMISSION OF THE OFFENSES BEING PLEAD TO. THESE ENHANCEMENT ARE NOT EXPLICITE..." DURRING THE MINUTES ON (change of plea), CR 78156, JUDGE RICHARD HADEN STATES THE TERM "FACTUAL BASIS" FOUR SENTENCE'S AFTER THE DEFENDANT'S PLEA.."

9. PLAINTIFF IN CASE CR78156, "STRAUSS" TESTIMONY WAS INCREDIBLE, IN 1985 TWO WEEKS AFTER THE BATTEREY, SHE RESUMED 'ROCK BAND' PRACTISING WITHOUT ANY SIDEFFECTS, RAISING THE ISSUE OVER REASONABE DOUBT TO THE INJURIES SUSTAINED. SEE (People v. Winters (2001) 93 Cal. APP. 4th 273.

10. CALIFORNIA LAW HAS DETERMINED PEN. CODE 245 (a) (1) 'NOT' TO BE A SERIOUS FELONY FOR THREE STRIKE PURPOSES. (See People v. HAYKEL (2002), 96 Cal. APP. 4th 146.)

b. Supporting facts : Case Law authority.  (People v. Williams, 50 Cal. App. 4th 1405 (1996).
(People v. WEST (1970), 91 Cal. Rptr. 385.)
(People v. ALVAREZ (1982), 179 Cal. Rptr. 706.
(People v. William L. THOMA. (2005) D.J. D.A.R. 4477.
(JACKSON v. VIRGINIA. Supra 443 U.S. 318.
(People v. Williams. 84 Cal. Rptr. 2d. 239 (1999),
(People v. CROPPER (1979) 89 Cal. APP. 3d. 716.)

GROUND 4.          1990 PRIOR CONVICTION — CRI10166          P.C. 245a

PETITIONER'S, 1990 PRIOR, PENAL CODE 245a(1) # CRI10166 IS NOT A STRIKE ON GROUNDS THE PRIOR DOCUMENTS USED ARE HEARSAY EVIDENCE, AND LACK THE FOUNDATION TO SUPPORT., PETITIONER STATES HIS CLAIM ON (People v. BEST(1997) 56 Cal. APP. 4th at 41.) 14th AMENDMENT CONSTITUTIONAL VIOLATION..

**a. Supporting facts :**

_1._ PETITIONER PLED TO Pen. Code 245 WITH THE Promise [[ HE ]] would RECEIVE LOCAL CUSTODY.

_2._ IN THE Present Case, THE record SUPPORTS, THAT THE ONLY EVIDENCE OF DEFENDANT'S PERSONAL USE of a dangerous or deadly weapon WAS THE HEARSAY ACCOUNTS of THE POLICE OFFICER'S REPORT WHO INTERVIEWED THE VICTIM, WHICH NEVER TESTIFIED AT PRE-LIM.

_3._ THIS CASE WAS CONDUCTED ON DEC. 27th 1989 before PROP. 115 ADOPTED at the JUNE 5th, 1990, PRIMARY ELECTIONS AND AMENDED SECTION 872 Subdivision (b) AND ENACTED EVIDENCE CODE SECTION 1203.1

_4._ THE EVIDENCE IN THIS CASE IS HEARSAY TESTIMONY, AND IS IN VIOLATION OF DUE PROCESS TO THE PETITIONER.

_5._ TRIAL COURT ONLY CHARGED DEFENDANT UNDER P.C. 245A 'LESSER INCLUDED OFFENSE' WAS NOT GIVEN AS AN OPTION. (e.g.) P.C. 240. "A CONVICTION OF THE LESSER [[ OFFENSE ]] IS HELD TO BE A BAR TO PROSECUTION FOR THE GREATER".. (People v. KRUPA(1944) 64-CAL. APP. 2d. 592.,)

_6._ PETITIONER WAS SENTENCED TO 180 days JAIL — (LOCAL CUSTODY) AND 5 YEARS PROBATION WHICH HE SUCCESSFULLY COMPLETED.

_7._ JOHN PICKENS DID NOT SUSTAIN ANY INJURY, PROSECUTOR MADE FALSE STATEMENTS ON CHANGE OF PLEA FORM. NO WHERE IN THE DOCUMENTS FROM CASE # CRI10166 does it state any Serious INJURY 'OR' GIVE ANY HOSPITAL REPORT FROM PICKENS.

**b. Supporting cases :**

(People v. WEST (1970) 3 C. 3d. 595 :) — (People v. EQUARTE (1986) 42 Cal. 3d. 456.,)
(People v. DAVIS (1996) 42 Cal. App 4th 806.) — (Whitman v. Superior Court (1991)
54 Cal. 3d. 1063.,)   —   (Shepard v. United States (2005) 125 S. ct. 2456 ...)

GROUND 5.

PETITIONER'S, 1990 CONVICTION 'CR 110166' USED TO DETERMINE A LIFE SENTENCE UNDER CALIFORNIA'S 3 STRIKE LAW IS UNCONSTITUTIONAL UNDER (Shepard v. UNITED STATES (2005) 125 S. Ct. 2456,)

a. SUPPORTING FACTS:

1. PETITIONER HAS RECEIVED A LIFE SENTENCE FOR CONVICTION PEN. CODE 12021 (a)1) — VICTIMLESS OFFENSE SENTENCED OCT. 1999 SCE 195569.

2. PRIOR CONV. CR 110166 FEB. 6, 1990 PLED to IN AGREEMENT OF 180 DAYS LOCAL CO. CUSTODY, USED TO ENHANCE SENTENCE TO LIFE UNDER THREE STRIKE LAW.

3. THE SUFFICIENCY OF THE EVIDENCE DOES 'NOT' SUPPORT A SERIOUS FELONY CONVICTION. (e.g.) THERE WAS NO PROOF OF INJURY SUSTAINED BY (JOHN PICKENS) TO SUPPORT G.B.I. PLAINTIFF NEVER RECEIVED HOSPITALIZATION — NO — REPORTS.

4. THE PROOF PROSECUTOR USED WAS OBTAINED BY A POLICE OFFICER BEFORE JUNE OF 1990 (i.e) PROP 115 HEARSAY EVID. NO TESTIMONY BY JOHN PICKENS or FRED NAGEL.

5. THE PROSECUTOR D.D.A. MAGUIRE ESTABLISHED VIOLENCE TO THE OFFENSE THROUGH A POLICE REPORT 'ONLY', THERE WAS NO PRELIMINARY HEARING. D.D.A. MAGUIRE FALSELY STATED ANY INJURY TO THE VICTIM IN THE FACTUAL BASIS.

COUNSEL FOR THE DEFENDANT "WILLIAM BURNELL" FAILED BY ALLOWING A MISREPRESENTATION OF ACCOUNTS THAT HAPPENED ON DEC. 27, 1989. BY NOT ASKING FOR HOSPITAL REPORTS 'OR' TESTIMONY FROM PICKENS. WHO WAS PRESENT AT PLEA CHANGE.

6. PROSECUTION DID NOT RESEARCH THOUROUGHLY OVER THE WEAPON AND HOW IT WAS DETERMINED. THERE WAS A DISCREPANCY OVER THE WEAPON AT ISSUE IN THIS CASE. THE OFFICER IN POLICE REPORT NEVER WITNESSED THE INCIDENT.

b. SUPPORTING CASES:

(People v. EQUARTE (1986) 42 Cal. 3d. 465. (People v. WILLIAMS (1996) 50 Cal. App 4th 1405.) (people v. DAVIS (1996) 42 CAL. APP. 4th 806,.) (people v. BEST (1997) 56 CAL. APP 4th 41,.) (U.S. V. NOBRIGA, file MAY 20, CITE AS 2005 DJDAR 5807.)—NO. 04-10169.

GROUND 6.

Petitioner contends California imposed a sentence through, "BREACH of PLEA AGREEMENT" on His Prior, 1986 and 1990 conviction's under the, "1994 California THREE STRIKE LAW"...

Without fore-knowledge of this Subrogation of Liability, Petitioner's Plea-Agreement's were neither VOLUNTARY 'or' KNOWING.

Petitioner Challenges that the STATE has violated Due Process Protections by Imposing an Increased term, for Previous Conviction's, After it had already specified a term of five year's AT THAT TIME OF THE Prior Offense Under PLEA-AGREEMENTS CR 78156, CR110166....

---

a. Supporting facts:

Petitioner's Prior CONVICTION's USED TO ENHANCE-SENTENE to a Indeterminate Life term are all PLEA-AGREEMENTS MADE before 1994. The enhancement agreed to WOULD BE FIVE YEAR'S

2. His 1990 conviction CR110166 HAS 'MITIGATING circumstances' relating to the events that occured on Dec. 27, 1989 these facts would have CHANGED the outcome of this conviction. John Pickens the (plaintiff) had been under the influence of Alcohol & Previously Threatened MILLER WITH VIOLENCE - 'MARTIAL ARTS-TECHNICS', This reacted Petitioner to 'defend himself'!...

3. Incomplete investigation to accounts in, 1990 VIOLATED PETITIONER'S Due-process rights for an adequate hearing. Petitioner offer- was LOCAL-CUSTODY SIX MONTHS JAIL W/HALF TIME AS A PLEA.

'UNDER DURESS Petitioner Made His ORIGINAL Decision to PLEA.'

4. The punishment imposed By the court MAY NOT SIGNIFICANTLY exceed THAT WHICH the parties agreed on.
(See People v. Walker (1991) 54 C3d. 1013, 1024.) Punishment that is NOT "Prejudicial" can still be considered "significant" if imposed after a Negotiated plea. 54 C3d. at 1027 N3.

---

5. The provisions on 'Bills of Attainder' in Art. 1. §§9-10 Prohibits Legislatures from singling out disfavored persons and meting out summary punishment for past conduct.

6. The "Due Process Clause of the fourteenth Amendment was 'intended to prevent government' from Abusing power, or implying it as an instrument of oppression."

GROUND 6. CONTINUED ;

7. The "THREE STRIKE LAW" aggravates a prior offense's PUNISHABLE CONVICTION aspect, by increasing its weight as evidence beyond that which was prescribed when the crime was committed. There can be 'NO' fair Notice in regards to plea-agreements before the inactment of the three strike Law... The Petitioner would 'NOT' have entered into an agreement "HAD IT BEEN KNOWN", that the state would retrospective fleet increase its enhancement term, creating a greater future Liability... "Limitations on official discretion."
( HEWITT v. HELMS, 103 S.ct. 864 (1983).

8. ( Defendant has right to Appeal illegal sentence despite waiver in plea-agreement if waiver would result in " MISCARRIAGE of JUSTICE ". sentence is illegal if NOT authorized by Law. " SUCH as those sentences in excess of statutory provision " or otherwise contrary to applicable statute...) United States v. Barron, 172 F.3d. 1153, 1158 (9th Cir. 1999).

" Due Process Clause of the Fourteenth Amendment." (to secure the individual from arbitrary Exercise of Powers of Government,' and' to prevent Governmental Power from being used for purposed oppression.." )
( DAVIDSON v. CANNON. 106 S.Ct. 668. 88 L.E.d. 2d 677 (1986).

9. Under Due Process, by Originally Specifying a term of Enhancement, or None at all, the Legislature created a Liberty interest in the future imprisonment only being that amount.

The mandatory Language creates a Liberty Interest. The defendant is disadvantaged by the retrospective aspect of the Three Strike Law.

b. Supporting case Law:                    ( People v. MANCHENO (1982) 32 C.3d. 855, .)
( People v. WALKER (1991). 54 C3d. 1013, 1024.,)
                    ( ALvernaz v. Ratelle (SD Cal 1993) 831 F.SUPP 790,)
( U.S. v. Schilling. 142 F.3d. 388 (7th Cir 1998) - ( U.S. v. Andis. 333 F.3d. 886 (2003).
                    ( Santobello v. New York (1971) 92 S.ct. 495.)

GROUND 7.          COUNT 11. # SCE 195569     P.C. 12021 (a)(i)

DISPROPORTIONATE SENTENCE: TRIAL COURT ABUSED ITS DESCRETION BY IMPOSING A LIFE SENTENCE FOR PENAL CODE 12021(a)1) ON OCT. 26, 1999, TRIAL COURT IGNORED PETITONERS TEMPORARY POSSESSION WAS FOR SELF-DEFENSE. AND INTERVENED A BIAS BY USE OF COUNT'S 1-10 FROM CASE SCE 195569 AS A BASIS FOR SENTENCING.

a. SUPPORTING FACTS:

WHEN TRIAL COURT INITIALLY SENTENCED PETITIONER IN 1999, It DID WITH THE CONTENTION THAT PETITIONER WAS GUILTY OF CHARGES DISMISSED IN PLEA AGREEMENT ON COUNTS 1 THRU 10 OF CASE # SCE-195569. PETITIONER IS INNOCENT OF CHARGES DISMISSED IN CASE SCE 195569.

Petitioner WAS NEVER CONVICTED OF THESE CHARGES. TRIAL COURT MANIPULATED CHARGES TO SUPPORT A POSITIVE CONVICTION FOR THE PROSECUTION... PROCECUTOR STACKED CHARGES IN INITIAL PRELIMINARY PROCEEDING AND THEN D.D.A.-SEVERED COUNT 11 TO BE TRIED FIRST. TRIAL COURT REFUSED ALL DEFENSES. REFUSED SELF-DEFENSE INSTRUCTION CALJIC 5:17 ON OCTOBER 26, 1999 Ct. RM 16...

THEREFORE Petitioner WOULD BE CONVICTED OF THAT CHARGE. THIS CASE PRESENTS A MALISIOUS PROSECUTION WITH LITTLE CHANCE FOR A FAIR TRIAL... PETITIONER HAD MERITORIOUS EVIDENCE AND WITNESS WHO WOULD TESTIFY FOR THE DEFENDANT. - ALL REJECTED FOR THE DEFENSE BY PROSECUTOR - TRIAL COURT.

A THRESHOLD COMPARISON OF THE CRIME AND CONVICTION TO CASE # SCE 195569 FOR AN INDETERMINATE LIFE SENTENCE UNDER CALIFORNIA'S 3-X LAW IMPOSES AN INFERENCE OF GROSS DISPROPORTIONALITY.

Petitioner's CONSTITUTIONAL REQUIREMENT OF SUBSTANTIAL EQUALITY AND FAIR PROCESS OF THE LAW IS IN VIOLATION.

"PETITIONER THEREFORE ASK TO COMPARE THE CALLENGED SENTENCE With the SENTENCE IMPOSED ON OTHER CRIMES IN THE SAME JURISDICTION AND WITH THE SENTENCE IMPOSED IN OTHER JURISDICTIONS FOR P.C. 12021(a)(1) AND UNDER SELF-DEFENSE FOR TEMPORAY POSSESSION."

b. Supporting cases, rules, or other authority (optional):

(People v. Williams (1998) 17 Cal. 4th 148 - (In-re Saldana (AUG 1997) D.A.R. 11554
(U.S. v. Gomez (1996) 81 F.3d 846 - (Ramirez v. Castro (2004) 365 F.3d 755
(Duran v. Castro (2002) 227 F. Supp. 2d. 1121-(Monge v. U.S. (1998) 524 U.S. 721
(People v. King, (1978) 22 Cal. 3d. 14          - (People v. Minifie, (1996) 13 Cal. 4th 1055

Hutton Frank Miller
P-59402  3C05-115
Corcoran, CA. 93212
In Pro Per

# United States District Court
## Southern District
8830   Front Street, Room 4290
San Diego, CA. 92101

Hutton Miller        In re
   Petitioner
                              )
                              )
                              )
VS.                           )
                              )
Derral G. Adams               )
   WARDEN                     )
                              )
                              )

Case # SCE 195569
Writ of Habeas Corpus
**Petition under 28 U.S.C. §2254**

## Declaration :

Petitioner hired Attorney James Pokorney in August of 1999, [HE] was paid in full 35K to represent through 'ALL' Trials. Trial had been Callandered for Aug. 16th, 1999 but resquedualed for Oct 26, 1999.

Procecutor (Sophia Roach) stacked charges in initial complaint, then after Preliminary Proceedings - severed Count 11 to be tried first. After every effort by counsel failed, trial court refused ALL defenses, refused Self-Defense instruction CaLJic 5:17 on October 26, 1999 ct. rm 16.

Trial Court Ignored Petitioners temporary Possession of a firearm was for self-defense, and refused to believe Petitioner was loaned this firearm from the owner Samuel Deaton a nieghbor to the Petitioner. This person would have testified under oath 'all' facts relating to and leading up to the defendant having possession of this firearm.

UNITED STATES District Court
Southern    District

Petitioner had Meritorious evidence that was denied by trial Court at the begining of proceeding on Oct 26, 1999.

To the extent counsel's failure to raise an (hearsay) objection waives the issue on appeal, Counsel provided Ineffective Assistance of Counsel.

Counsel provided I.A.C. by failing to object to the only concrete evidence petitioner had for [HIS] defense.

(Strickland v. Washington (1984) 466 U.S. 668

Counsel failed to have present the owner of the firearm Samuel Deaton on Oct 26th, 1999. Also failed to have a jury's descretion to listen to a taped recording of threats made to defendant.

(People v. Pope (1979) 23 Cal. 3d 412 - 425).

Petitioner contends He would have elected the right to have a jury decide whether His priors had serious bodily injury or constitued enough for the sentence of LIFE for P.C. (12021) a (1), when petitioner had the firearm for Self-defense.

At this point petitioner made a decision under FEAR, Ingorance and inadvertence by Admission of His convictions and TAKING THIS plea. Petitioner was deprived of His Constitutional Right to the effective Assistance of Counsel when His counsel FAILed to Act AS an advocate at the time of plea agreement and sentencing Hearing...

(Apprendi v. New Jersey (2000) 530 U.S. 466.

-15-

UNITED STATES DISTRICT COURT
Southern District

Petitioner researched and located California Case (People v. Best (1997) 56 Cal. App 4th 41.), this has over turned a Conviction P.C. 245 a 1 being used as a prior to enhance sentence under California's Three Strike Law.

This case is at the same timeline and mirrors Petitioner's 1990 Conviction # CR110166 out of san Diego court Superior in which petitioner was sentenced to Six month's local custody. The state Court has ignored My claim as # in ground on His petition.

Counsel has failed by not motioned under (P. v. Best) during his case before during and after Plea – Conviction.

This would have reduced [His] exposure to the Three Strike Sentencing scheme in 1998.
1999

I declare under penalty of perjury that the foregoing is true and correct.  EXECUTED ON.
June 13th, 2008

-16-

RECEIVED

JUN 2 0 2007

CLERK SUPREME COURT

S148727

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re HUTTON MILLER on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
# FILED

JUN 1 3 2007

Frederick K. Ohlrich Clerk

DEPUTY

**GEORGE**

_____

Chief Justice

JUN-05-2008 THU 05:07 PM                                    FAX NO.                              P. 01/01

STATE OF CALIFORNIA
CDCR 3022-B (REV. 07/07)

*Miller   P59402*

DEPARTMENT OF CORRECTIONS AND REHABILITATION
*Petitioners Add:*
*3C05-115 Corcoran.*
*P.O. Box 3471 CA.*
*93212*

# PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

*Describe only this reporting periods specific Plan of Operation*

| INSTITUTION CSP CORCORAN | EFFECTIVE DATE OF PLAN JUNE 5, 2008 | COR-PSR-03C-08-06-008 |
|---|---|---|

☐ NORMAL PROGRAM   ☒ MODIFIED PROGRAM   ☐ LOCKDOWN   ☐ STATE OF EMERGENCY

☐ INITIAL           ☒ UPDATE           ☐ CLOSURE

RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION: | ☒ ALL | ☐ BATTERY |
| ☒ FACILITY: 3C | ☐ BLACK | ☐ DEATH |
| ☒ HOUSING UNIT: All | ☐ WHITE | ☐ RIOT / DISTURBANCE |
| ☒ VOCATION: | ☐ HISPANIC | ☐ GROUPING |
| | | Inmates with symptoms will remain confined to quarters (CTQ'd) |
| ☒ EDUCATION: | ☒ OTHER | ☒ OTHER   QUARANTINE – possible Norovirus |
| ☐ OTHER: | | |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☒ NORMAL – ON FACILITY ONLY | ☐ NORMAL | ☒ NORMAL |
| ☐ ESCORT ALL MOVEMENT | ☐ CRITICAL WORKERS ONLY | ☐ NO DAYROOM ACTIVITIES |
| ☐ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☐ CULINARY | ☐ MODIFIED: |
| ☒ EMERGENCY MOVEMENT ONLY – OFF FACILITY | ☐ CLERKS | RECREATION |
| ☒ OTHER: BY BUILDING ONLY | ☐ VOCATION/EDUCATION | ☐ NORMAL |
| | ☐ CANTEEN | ☐ NO RECREATIONAL ACTIVITIES |
| FEEDING | ☐ CLOTHING ROOM | ☒ MODIFIED: 1 building at a time |
| ☐ NORMAL | ☐ RESTRICTED WORK PROGRAM | |
| ☒ CELL FEEDING | ☒ PORTERS – HOUSING UNIT ONLY | CANTEEN |
| ☐ CONTROLLED FEEDING IN DINING ROOM | ☐ NO INMATE WORKERS | ☐ NORMAL |
| ☐ HOUSING UNIT/DORM AT A TIME | SHOWERS | ☐ NO CANTEEN |
| | | ☒ MODIFIED: Issue to bldg. on their yard time |
| ☐ DORM POD AT A TIME | ☒ NORMAL PER SCHEDULE | |
| ☐ TIER AT A TIME | ☐ ESCORTED | PACKAGES |
| ☐ HOUSING UNIT SECTION AT A TIME | ☐ ONE INMATE PER SHOWER | ☐ NORMAL |
| ☐ SACK MEAL BREAKFAST | ☒ CELL PARTNERS TOGETHER – OWN TIER | ☐ NO PACKAGES |
| ☒ SACK MEAL LUNCH | ☐ DORM SHOWERING BY GROUP | ☒ MODIFIED: Issue to bldg. on their yard time |
| | ☐ CRITICAL WORKERS ONLY | |
| ☐ SACK MEAL DINNER | ☐ SHOWERS | PHONE CALLS |
| DUCATS | MEDICAL | ☒ NORMAL |
| ☐ NONE | ☐ NORMAL MEDICAL PROGRAM | ☐ NO PHONE CALLS |
| ☒ MEDICAL DUCATS ONLY – BY BUILDING | ☒ PRIORITY DUCATS ONLY – BY BUILDING | ☐ MODIFIED: |
| ☐ CLASSIFICATION DUCATS | ☒ MED. PERS. CONDUCT ROUNDS IN UNITS | |
| ☐ PRIORITY DUCATS ONLY | ☐ INMATES ESCORTED TO SICK CALL | |
| VISITING | ☐ EMERGENCY MEDICAL ONLY | RELIGIOUS SERVICES |
| ☐ NORMAL VISITING | Diabetics will receive insulin in clinics by building | |
| ☐ NON-CONTACT ONLY | ☒ OTHER: | ☐ NORMAL |
| ☒ NO VISITING | LEGAL LIBRARY | ☐ NO RELIGIOUS SERVICES |
| ☐ OTHER: | ☐ NORMAL | ☒ MODIFIED: Attend during their yard time |
| | ☒ APPROVED COURT DEADLINE BY BLDG. | |

REMARKS:
On Thursday, June 5, 2008, at approximately 1430 hrs., modifications were made to Facility 3C. After further consultation with the Chief Medical Officer (CMO), it has been determined inmates on Facility 3C will program on the Facility with their own building. Inmates verified with symptoms of the Norovirus will remain on confined to quarters status until further notice.

State of Emergency only: Postponement of nonessential administrative decisions, actions and the normal time requirements:
☐ Approved   ☐ Disapproved

| PREPARED BY: A. C. QUINONES, FACILITY CAPTAIN | DATE JUNE 5, 2008 | NAME / SIGNATURE (WARDEN) DERRAL G. ADAMS | DATE 6/5/0 |
|---|---|---|---|

State of California                                                    Department of Corrections and Rehabilitation

# Memorandum

Date    :    June 6, 2008

To    :    All Staff

Subject :    **NOROVIRUS PREVENTION MEASURES**

There are outbreaks of gastroenteritis on 3C and 3A Facilities. In an effort to prevent the possibility of the Norovirus spreading, we shall disinfect all our facilities with a bleach solution.

The California Department of Public Health recommends chlorine bleach be used to disinfect contaminated surfaces whenever possible. During prevalent seasons, more frequent routine environmental cleaning of bathrooms and areas around the living units is advised, and fixtures such as faucets, door handles and railings should be disinfected. These areas include but are not limited to the dayrooms, bathrooms, showers, dining halls and medical clinics, therefore, until further notice, all inmate high traffic areas will be disinfected on a daily basis as outlined below.

The solution mix is one cup bleach to three gallons water for cleaning to prevent or intervene in the Norovirus outbreak. It is important to develop the solution fresh each day and change it when contaminated as the bleach concentration degrades overtime. The porters and housekeeping need to wear gloves, gowns, and masks when cleaning. The solution should be gently poured onto the potentially infectious material, if any, and left for about 10 minutes prior to cleaning.

The cleaning of the facilities will commence this weekend, as follows:

1.    The Firehouse will mix the solution and have them ready for pick up by 0800 hours.

2.    At approximately 0800 hours, the Food Service driver will pick up the five-gallon buckets from the Firehouse and deliver them to the Program Office via the back dock of the Medical clinics.

3.    The pre-mixed solutions will be delivered to all the facilities including ASU, R&R, and the ACH.

4.    Nine five-gallon buckets of the pre-mixed solution will be delivered to each facility (five buildings., Gym; Program Office; Medical Clinic, and Dining).

All Staff
Norovirus Prevention
Page 2


5.  The S&E officer will be responsible for distributing the buckets to the facility units.
6.  Porters and housekeeping should clean all surfaces, table tops, outpatient hospital beds, and railings. Porters/housekeeping need to wear gloves, gowns, and masks when cleaning. Inmate high traffic areas including but are not limited to the dayrooms, bathrooms, showers, dining halls, medical clinics, education, and inmate group meeting areas should be disinfected.

7.  Use a cleaning towel to wipe the bleach solution, dump the remaining solution after use, and rinse out the container with water.

8.  At approximately 1300 hours, the buckets will be picked up from the housing units and returned back to the back dock of each facility for return back to the Firehouse and refilling for the next day.

9.  During the regular work week, the solution mixing will be completed from the Support Warehouse. The delivery schedule to the clinic will remain unchanged.

10. The Firehouse/Support Warehouse will ensure the returned buckets are cleaned with the same solution of bleach and water, rinsed, and dried prior to using the next day.

11. Contact your Facility Sergeant if there are no available porters/housekeeping to do the cleaning

12. This procedure is to be done daily until further notice.

Please contact the Warehouse/Procurement office at extension 6189 on how to obtain the bleach for your respective yards/buildings. The contact person from Medical is the Public Health Nurse, Margaret Borbolla at extension 7984.


*Original signed by Maurice Junious*

Derral G. Adams
Warden
California State Prison-Corcoran

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

FILING FEE PAID
Yes ☐    No ☐

IFP MOTION FILED
Yes ☐    No ☐

COPIES SENT TO

Court ☐    Pro Se ☐

**FILED**

JUN 20 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**Hutton F. Miller**

**Derral G. Adams**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Kings
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Hutton F. Miller
PO Box 3471
Corcoran, CA 93212
P-59402

ATTORNEYS (IF KNOWN)

'08 CV 1093 BEN POR

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____  Docket Number _____

DATE    6/20/2008

SIGNATURE OF ATTORNEY OF RECORD
_R Miller_