UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUTTON F. MILLER,<br><br>                                              Plaintiff,<br><br>          v.<br><br>DERRAL G. ADAMS, Warden,<br><br>                                          Defendant. | Civil No.    08-cv-1093-BEN (POR)<br><br>**REPORT AND RECOMMENDATION GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Document No. 15]** |

## I. INTRODUCTION

          Petitioner Hutton F. Miller, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging the conviction and sentence imposed by San Diego County Superior Court in case number SCE195569.  (Petition [Doc. 1].) Respondent moves to dismiss the Petition asserting it is time barred pursuant to 28 U.S.C. § 2244(d). (MTD [Doc. 15].)  After thorough review of the Petition, (Petition), Respondent's Motion to Dismiss, (MTD), Petitioner's Opposition, (Doc. 25), and all supporting documents, the Court finds the Petition is statutorily barred by the expiration of the limitations period.  Accordingly, the Court recommends Respondent's Motion to Dismiss be GRANTED and the Petition for Writ of Habeas Corpus be DISMISSED.

//

//

//

## II. PROCEDURAL BACKGROUND

### A. State Proceedings

On October 26, 1999, in San Diego County Superior Court case number SEC195569, Petitioner pleaded guilty to being a felon in possession of a firearm in violation of California Penal Code § 12021(a)(1).  (Lodgments 1, 2.)  Petitioner also admitted having three serious and violent felony strike priors.  (Id.)  The court sentenced Petitioner to twenty-five years to life in state prison. (Id.)  Petitioner did not appeal the judgment.[1]  (Petition at 2.)

Petitioner brought four petitions for habeas corpus relief in California state courts. (Lodgments 3, 5, 7, 9.)  Each state habeas corpus petition brought numerous claims attacking Petitioner's conviction in case number SEC195569.  (Id.)  On April, 4, 2005, Petitioner filed for state habeas corpus relief in San Diego Superior Court, case number ECH482.  (Lodgment 3.)  On June 6, 2005, the superior court found the petition untimely and denied relief.  (Lodgment 4.) Petitioner filed a second petition in San Diego Superior Court on August 5, 2005, case number ECH500.  (Lodgment 5.)  The court denied the second petition on August 22, 2005, stating: (1) Petitioner already presented one of the claims to the court and the claim was dismissed for untimeliness; (2) Petitioner failed to present "good cause for failing to present all of [his] arguments in the prior writ;" (3) further relief must be sought through the Court of Appeal.  (Lodgment 6.)  On August 9, 2005, Petitioner filed for habeas relief in the California Court of Appeal, case number D046954.  (Lodgment 7.)  In a reasoned decision, the court denied the petition on October 27, 2005, holding "Miller received the benefit of his plea bargain and his sentence is not illegal."  (Lodgment 8.)  On December 11, 2006, Petitioner filed a final petition for state habeas relief in the California Supreme Court, case number S148727.  (Lodgment 9.)  The California Supreme Court denied the petition without comment on July 13, 2006.  (Lodgment 10.)

### B. Federal Proceedings

On June 20, 2008, Petitioner filed a federal Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging the conviction and sentence imposed by the San Diego County Superior Court in case number SCE195569.  (Petition.)  Petitioner presents seven grounds for

---

[1]Petitioner's plea agreement stipulated that Petitioner waive his right to appeal.  (Lodgment 2.)

federal habeas relief: (1) trial counsel provided ineffective assistance; (2) under <u>Apprendi v. New York</u>, 530 U.S. 466 (2000), his sentence is illegal; (3) his plea agreement was entered involuntarily; (4) he had only two strikes prior; (5) use of the alleged third strike to support a life sentence is unconstitutional; (6) the State breached the plea agreement; and  (7) the life sentence imposed by the trial court constitutes a breach of discretion.  (Petition at 1-16.)

On February 4, 2009, Respondent filed a Motion to Dismiss the Petition contending the Petition is time barred by the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations.  (MTD at 6-7.)  Petitioner filed a Response in Opposition to Respondent's Motion to Dismiss on May 4, 2009.  (Doc. 25.)

### III.  DISCUSSION

**Statute of Limitations**

Respondent argues the Petition is barred by the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations.  (MTD.)  As a result, Respondent contends the Petition should be dismissed as untimely.  (<u>Id.</u>)

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all federal habeas petitions filed after April 24, 1996.  <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997).

The AEDPA provides for a one-year limitations period for state prisoners to file a federal habeas petition.  The section states, in pertinent part:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

The AEDPA's one-year statute of limitations begins to run on "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A).  When a Petitioner does not appeal his conviction, the conviction becomes final sixty (60) days after sentencing.  See Cal. Rules of Court, Rule 8.308(a) former Cal. Rules of Court, Rule 31(a), (d).  Additionally, the period of  "direct review," pursuant to § 2244(d)(1)(A), includes the ninety (90) day period within which Petitioner could have filed a petition for a writ of certiorari from the United States Supreme Court.  Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); accord Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998); see also United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000).  Therefore, where the petitioner does not appeal the conviction, the one-year filing period begins to run one hundred fifty (150) days following the conviction.  Id.

Here, Petitioner did not appeal his October 26, 1999 conviction.  (Petition at 2.)  Thus, the one-year filing period for federal habeas petitions expired on April 23, 2001, one year and one hundred fifty days following his conviction.  Petitioner filed the Petition on June 20, 2008, more than seven years after AEDPA's one-year statute of limitations expired.  (Petition.)  Therefore, the Petition is untimely unless AEDPA's statutory tolling provision or the doctrine of equitable tolling extend the filing deadline.  See Tilleman v. Long, 453 F.3d 494, 498 (9th Cir. 2001).

**1.    Statutory Tolling**

AEDPA's statutory tolling provision provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. 2244(d)(2).

AEDPA's one-year limitations period is tolled during the period of time a petitioner seeks post-conviction relief in state court.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Tolling begins "from the time the first state habeas petition is filed until the California Supreme

cv-01093-BEN-POR   Document 27   Filed 08/03/09   PageID.112   Page 5 of 7
Case 3:08-cv-01093-BEN-POR   Document 27   Filed 08/03/09   PageID.112   Page 5 of 7

1  Court rejects the petitioner's final collateral challenge" but the statute of limitations is not tolled

2  "from the time a final decision is issued on direct state appeal and the time the first state collateral

3  challenge is filed because there is no case 'pending' during that interval."  Id.

4         Here, Petitioner filed his first state habeas petition in San Diego County Superior Court on

5  April 4, 2005.  (Lodgment 3.)  As previously discussed, under AEDPA, Petitioner's one-year

6  limitations period expired on April 23, 2001–one year and one hundred fifty days following the

7  October 26, 1999 conviction.  (See Lodgments 1 and 2.)  Petitioner brought his first state habeas

8  petition on April 4, 2005 almost four years after the April 23, 2001 expiration of the limitations

9  period.  (Lodgment 3.)  Petitioner's state habeas petition was denied on July 13, 2006.  (Lodgment

10  10.)  Almost two years later, on June 20, 2008, Petitioner filed the instant Petition.  (Petition)

11  Because there was no claim pending for direct or collateral review in either state or federal court

12  between the state court's final confirmation of Petitioner's conviction and his first petition for state

13  habeas review, statutory tolling does not apply.

14         **2.        Equitable Tolling**

15         "AEDPA's statute of limitations provision is subject to equitable tolling."  Corjasso v.

16  Ayers, 278 F.3d 874, 877 (9th Cir. 2002).  However, the Court's determination "whether there are

17  grounds for equitable tolling [is] highly fact-dependent."  Whalem/Hunt v. Early, 233 F.3d 1146,

18  1148 (9th Cir. 2000).  To be entitled to equitable tolling, a petitioner must demonstrate some

19  extraordinary circumstance stood in his way of his timely filing, and he has been pursuing his rights

20  diligently.  Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).  Furthermore, equitable tolling

21  will be allowed only if Petitioner demonstrates "extraordinary circumstances" beyond his control

22  were the proximate cause of his untimeliness, rather than merely a lack of diligence on his part.

23  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Stillman v. LaMarque, 319 F.3d 1199, 1203

24  (9th Cir. 2003).

25         In his Opposition to the Motion to Dismiss, Petitioner claims he is entitled to equitable

26  tolling because he was denied a request for transcripts and "relied solely on his own file [referring to

27  transcripts], as well as the inadequate prison library" between 2001-2002 and 2003-2004.  (Doc. 25

28  at 6.)  Although access to an inadequate prison library or a lack of legal materials may trigger the

doctrine of equitable tolling, a petitioner must do more than simply assert "the prison lacked relevant statutes and case law or that the procedure to request specific materials was inadequate." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). But see Whalem/Hunt, 233 F.3d at 1146 (finding petitioner's allegation that the prison law library did not have legal materials describing AEDPA until June 1998, and that he had "no knowledge of any limitations period" prior to December 1998, warranted further factual development).

Here, Petitioner does not present an extraordinary circumstance sufficient to warrant equitable tolling. Specifically, Petitioner fails to provide support indicating the prison legal libraries were inadequate. (Petition; Doc. 25.) Furthermore, even if applicable, equitable tolling would not toll a long enough period to make the Petition timely. (Doc. 25 at 6.) On April 24, 2000, one hundred fifty days following Petitioner's conviction, AEDPA's one-year statute of limitations began to run. Assuming Petitioner had inadequate access to a prison library from January 1, 2001- December 31, 2004, equitable tolling would apply and AEDPA's one-year statute of limitations would be tolled. Therefore, assuming equitable tolling applies, Petitioner would have had until April 24, 2005, 114 days after December 31, 2004 to file.[2]

On April 4, 2005, Petitioner filed for state habeas relief. (Lodgment 3.) Assuming equitable tolling applies, statutory tolling would toll the period during which Petitioner's state habeas petition was pending. On July 13, 2006, the California Supreme Court denied Petitioner's habeas petition. (Lodgment 10.) Following the conclusion of state collateral review, the statute of limitations period would resume on July 14, 2006, and Petitioner would have a total of 20 days remaining to file his federal habeas petition.[3] Thus, assuming equitable tolling applies, AEDPA's statute of limitations expired 20 days after July 14, 2006, on August 2, 2006. Petitioner filed the instant Petition on June 20, 2008, almost two years after the August 2, 2006 deadline. (Doc. 1.) Accordingly, the instant Petition would be untimely even if the four year period suggested by Petitioner qualified for equitable tolling.

---

[2] Between April 24, 2000, the date on which the one-year statute of limitations began to run, and January 1, 2001, 251 days passed leaving Petitioner with 114 days remaining in the one-year statute of limitations period.

[3] On April 4, 2005, 94 days after December 31, 2004, 114 days of the remaining limitations period passed leaving Petitioner a total of 20 days to file for federal review.

**IV. CONCLUSION**

After a through review of the record in this matter and based on the foregoing analysis, it is recommended that Respondent's Motion to Dismiss be GRANTED and the Petition be DISMISSED.  The Court finds the Petition is not entitled to statutory or equitable tolling and therefore is untimely.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2007) and Local Rule 72.1(d).

IT IS HEREBY ORDERED that **no later than August 28, 2009**, any party may file and serve written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed and served **no later than ten days** after being served with the objections.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  <u>Martinez v. Y1st</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:  August 3, 2009

_____
LOUISA S PORTER
United States Magistrate Judge

cc:        The Honorable Roger T. Benitez
           all parties