FILED

2009 SEP 15 AM 10:58

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ /s/ _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUTTON F. MILLER,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>DERRAL G. ADAMS, Warden,<br><br>　　　　　　Respondent. | CASE NO. 08CV1093 BEN (POR)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

## INTRODUCTION

Petitioner Hutton F. Miller filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent moved to dismiss the petition as time-barred by the applicable statute of limitations. Dkt. No. 15. Magistrate Judge Louisa S. Porter issued a thoughtful and thorough Report and Recommendation recommending Respondent's motion be granted and the Petition be dismissed. Dkt. No. 27. Petitioner was granted an extension of time to file Objections, however, no Objections have been filed. Dkt. No. 30. Having reviewed the matter de novo and for the reasons that follow, the Report and Recommendation is **ADOPTED** and the Petition is **DISMISSED**.

//

The court "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(c). Thus, the governing statute "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a [Report] is only required when an objection is made to the [Report]"). Miller has not filed objections, but the Court has conducted a de novo review.

## BACKGROUND

On October 26, 1999, in San Diego County Superior Court, Miller pleaded guilty to being a felon in possession of a firearm in violation of California Penal Code § 12021(a)(1) and to having three serious and violent felony strike priors. Petitioner did not appeal his conviction. Petitioner filed his first state habeas corpus petition in 2005, more than five years after his conviction. That petition and the next were both found untimely. The same year, Miller filed a petition with the California Court of Appeal which found Miller received the benefit of his plea bargain and that his sentence was not illegal. Miller's final state petition, filed in 2006 with the California Supreme Court, was also denied.

Two years after denial of that petition, Miller filed this Petition with this Court, challenging his conviction and sentence. Dkt. No. 1. Respondent filed the instant motion to dismiss contending the Petition was time barred. Dkt. No. 15. Following an extension of time, Miller filed an Opposition to the motion. Dkt. No. 18, 25.

## DISCUSSION

"Because [Miller] filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its provisions apply." *Little v. Crawford*, 449 F.3d 1075, 1079 (9th Cir. 2006) (citing *Woodford v. Garceau*, 538 U.S. 202, 207 (2003)). AEDPA imposes a one-year statute of limitations. 28 U.S.C. 2244(d)(1). Miller's Petition was filed more than seven years after the statute of limitations expired and, as discussed more fully below, equitable and statutory tolling do not save the Petition from the statute of limitations.

//

I.  **Statutory Tolling**

AEDPA's statute of limitations is tolled during the period that a petitioner is seeking post-conviction relief in state court, but it "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Taking into account the time for Miller's conviction to become final and the period for Miller to seek direct review, AEDPA's one year statute of limitations still expired more than four years before Miller filed his first state habeas petition in 2005. The Report accurately finds that statutory tolling does not apply.

II.  **Equitable Tolling**

"Equitable tolling is justified in few cases, . . . . '[i]ndeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Equitable tolling under AEDPA is only available if Miller establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

In Opposition, Miller's only claims for equitable tolling were lack of access to a transcript and the inadequacy of the prison library at two different facilities in 2001-2002 and 2003-2004. The Report accurately finds that Miller has failed to provide sufficient support for these general assertions. Additionally, even if the Court were to apply equitable tolling for the time periods asserted by Miller, from 2001 to 2004 and applicable statutory tolling was applied following the equitable tolling, Miller's Petition was still filed more than two years late. Accordingly, even if statutory and equitable tolling were applied, the Petition is still barred by the one-year statute of limitations.

## CONCLUSION

After a de novo review, the Court fully **ADOPTS** Judge Porter's Report. The Petition is **DISMISSED**.

**IT IS SO ORDERED.**

DATED: September 15, 2009

Hon. Roger T. Benitez
United States District Judge